■ CITIBANK, N. A., Appellant, v F. O. KIELMAN, Respondent.—Order, Supreme Court, New York County, entered on June 1, 1977, denying plaintiff's motion for summary judgment is unanimously affirmed, without costs and without disbursements and without prejudice to renewal after disclosure. In this action on a guarantee, plaintiff supplied the money for the purchase of a hotel and received guarantees from defendant, the owners of the hotel and two individuals. The parties anticipated that the Netherlands Antilles would later guarantee the loan and that their guarantees would be for the interim period. The hotel management used plaintiff's branch in Aruba for extensions of credit in its day-to-day operations. Later, on foreclosure, the Antillean government repurchased it for the same price, but due to the extensions of credit there was a large cash deficiency. Defendant and the two individual investors had guaranteed to cover these extensions of credit while the owners' guarantee did not. Defendant raises defenses of fraud or mutual mistake or inequitable conduct. He states that he was not represented by counsel at the time of signing; that he was induced by the allegation that the government had arranged with the bank for a "take-out" shortly after the mortgage was placed; that his guarantee was "interim" only, and that he was told all guarantees were identical except as to amount. Although defendant makes a number of conclusory statements, he makes no specific reference as to who, in authority at Citibank, made the inducement he complains of, thus leaving many areas in need of clarification. At the time the hotel was repurchased for $838,000, the balance due on the mortgage was $754,200, but due to day-to-day operating extensions provided by Citibank, the hotel still had a deficiency of $140,000 owed to plaintiff. Defendant claims the facts and details of the foreclosure sale are known only to the plaintiff and that they are essential for the establishment of his defenses, and that therefore he should be afforded disclosure consistent with CPLR 3212. As it now stands, there are areas which need further exposition before the matter becomes ripe for determination, and therefore as a means of bringing these gray areas into the light, disclosure should be granted the parties, and if the facts warrant, after disclosure, the motion may be renewed. Concur—Birns, J. P., Silverman, Evans, Fein and Sandler, JJ.